O’íNeall, J.
delivered the opinion of the Court.
The defence in this case is, that the defendant had done an act, which the plaintiff agreed should be a payment, or satisfaction of the note. It is perfectly competent for parties to make, or discharge their contracts, upon such terms as they please. If the plaintiff was disposed to agree that property, or the personal services of the defendant, should be a payment of the note, the delivery of the one, or the performance of the other, was as much payment, as if it had been made in money. It is true, that a verbal contract to alter the terms, or the legal effect of the note, could not have been given in evidence; but the contract, relied on in defence, is not intended to have that effect.. *306 It admits the note tobe as stated, but relies upon the after agreement, that the plaintiff would upon the defendant’s procur*nS a Purcbaser for the land, give up the ncite. The legal effect of this verbal agreement is, that when the defendant has performed his part of it, it shall be regarded as a payment. The note is the value put by the plaintiff.upon the defendant’s services in procuring a purchaser of the land át a given sum. The motion for a new trial is, therefore, granted.